**BROWN, Administrator, etc., v. LEE et al.**
**No. 263 Civ. S.D.**

District Court, S. D. California, S. D.
Aug. 12, 1943.

Saul N. Rittenberg, Chief of Briefing, Office of Price Administration, of Los Angeles, Cal., and B. Kenneth Goodman, Chief Enforcement Atty., San Diego Office of Office of Price Administration, of San Diego, Cal., for plaintiff.

Luce, Forward, Lee & Kunzell (by Albert J. Lee), of San Diego, Cal., for defendants.

C. M. Walter, of Oakland, Cal., Scott & Eberhard (by Ray C. Eberhard), and Thomas F. McCue, all of Los Angeles, Cal., amici curiae.

Before STEPHENS, Circuit Judge, and McCORMICK and HOLLZER, District Judges.

HOLLZER, District Judge.

This matter arises upon a motion to dismiss that portion of defendants' pleadings entitled Special Defense and Cross-Complaint for Affirmative Relief and the amendments thereto.

The grounds of said motion are that the court lacks jurisdiction of the subject matter because by virtue of the provisions of Section 204(d) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 924(d), this court is without jurisdiction or power to consider the validity of Maximum Rent Regulation No. 1 as amended, and also that by virtue of the provisions of said Section this court is without jurisdiction or power to restrain, enjoin or set aside in whole or in part any provisions of the Act authorizing the issuance of maximum rent regulations or orders, or any provisions of any such regulations or orders, or to restrain or enjoin enforcement of any such provisions; and upon the further ground that said pleading fails to state a claim upon which relief can be granted.

This suit was instituted by the Administrator of the Office of Price Administration (hereinafter called the Administrator) to secure both a preliminary and a final injunction enjoining the defendants from directly or indirectly threatening to exclude and attempting to exclude one H. P. Jewell, or any other tenant, from possession of any housing accommodations in violation of the Maximum Rent Regulation No. 1, as amended, also from directly or indirectly bringing, maintaining, prosecuting or continuing any action to evict Jewell or any other tenant from any housing accommodations in violation of Maximum Rent Regulation No. 1, as amended, and from committing or continuing any acts, practices or omissions in violation of any regulation, schedule, requirement or order relating to rent which now has or may hereafter be issued by the Administrator pursuant to the Emergency Price Control Act of 1942.

The complaint consists of two counts. So far as pertinent here, it is alleged in the first count in substance that at all times mentioned there has been in effect Maximum Rent Regulation No. 1, issued pursuant to Section 2(b) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 902(b) (hereinafter called the Act), which prohibits, with certain exceptions not here material, the removal or attempt to remove any tenant from any housing accommodations within the San Diego Defense-Rental Area. It is further averred that since November 24, 1942 defendants, in violation of said Regulation have threatened to exclude and attempted to exclude one H. F. Jewell, the tenant of defendant Mae Lee, from the possession of certain housing accommodations within said area, notwithstanding the fact that under said Regulation said tenant is lawfully entitled to retain possession of such accommodations.

In the second count, reference is again made to the aforementioned Regulation and it is further alleged that on January 9, 1943, in violation of said Regulation, defendant Mae Lee brought an action in the Municipal Court of San Diego to evict said tenant from said housing accommodations, notwithstanding the fact that under said Regulation said tenant is lawfully entitled to retain possession of said accommodations, she having been directed and assisted by her co-defendant in the commission of each of said acts.

By way of introduction to said counts the complaint alleges that in the judgment

of the Price Administrator the defendants have engaged and threatened to engage in certain actions and practices, which constitute a violation of Sections 4(a) and 4(b) of the Act, 50 U.S.C.A.Appendix § 904(a, b), in that they have violated and threatened to violate said Regulation, and therefore pursuant to Section 205(a) of the Act, 50 U.S.C.A.Appendix § 925(a), the Price Administrator brings this action to enforce compliance with said Sections 4(a) and 4(b).

Defendants have filed an answer placing in issue virtually all of the material allegations of the complaint, except that they admit instituting said action to evict said tenant, and set forth in their pleading a copy of the complaint filed by them in said eviction suit. Such complaint discloses that the only ground upon which these defendants seek to evict said tenant is their desire to withdraw said housing accommodations from the rental market, and that the only default claimed against said tenant is his failure to comply with a notice to vacate said housing accommodations.

The aforementioned Regulation in part provides that if eviction from housing accommodations in said area is desired on any ground other than those specifically enumerated therein, a certificate permitting the same must first be obtained from the Administrator. The ground upon which defendants seek to evict their tenant is not one of those enumerated. Neither in the complaint filed in the eviction suit nor in the answer filed herein is there any allegation to the effect that such certificate has been obtained.

Defendants' pleading includes additional allegations under a heading entitled Special Defense and Cross-Complaint for Affirmative Relief. In this portion of their pleading defendants in substance have attacked the validity of said Regulation as amended prior to the commencement of said eviction suit, and also have charged that such amendment and the bringing of the present action are steps taken in furtherance of a plan adopted by plaintiff and others serving under him to impair and defeat the civil rights of these defendants and cross-complainants and other persons similarly situated. In said pleading they further aver that said Act in certain particulars is unconstitutional, and also assert that the allegations of the complaint are not sufficient to entitle plaintiff to any relief. Accordingly, in addition to seeking other relief, they pray that said Act in the particulars mentioned be declared unconstitutional and void and that they be granted an injunction restraining plaintiff and all agents, etc., of the Office of Price Administration from enforcing or attempting to enforce said Act. This pleading has been amended twice by adding what has been designated, respectively, "Fourth Separate Defense" and "Fifth Separate Defense". The allegations in the first of these amendments consist of recitals setting forth further grounds upon which it is asserted that said Act is unconstitutional, while in the latter amendment defendants have set forth additional grounds upon which the validity of said Regulation is attacked.

Upon the hearing of the original application for an injunction pendente lite it appeared that no judgment had been rendered in the eviction suit and in fact the same had not been brought to trial. Accordingly said application was denied without prejudice, for the reason that the same was premature.

Subsequently defendant Mae Lee obtained a judgment in the eviction action ordering a writ of eviction. Before such writ could be issued, plaintiff herein again applied for an injunction pendente lite, and following a hearing thereon the court granted the same. An appeal from the latter interlocutory injunction is now pending before the 9th Circuit Court of Appeals.

The sole issue now presented on plaintiff's motion to dismiss is the question whether the defendants are entitled to proceed on their cross-complaint, as distinguished from the issues raised by their answer.

In essence by their cross-complaint, including the amendments thereto, the defendants contend that the afore-mentioned Rent Regulation is in conflict with the provisions of Section 204(d) of the Act, and also that the same is invalid on several other grounds.

In addition, by these pleadings defendants further contend that to the extent that the Act, by virtue of the provisions of Section 204(d), restricts the forum wherein an attack may be made respecting the validity of a regulation adopted by the Price Administrator, that is to say, confines the hearing upon and the determination of such a contest exclusively to the

tribunals designated in the Act, and thereby deprives all other Federal courts of jurisdiction to hear and determine the same, such legislation is unconstitutional.

At the oral argument during a colloquy between court and counsel representing defendants, the latter were asked whether, since this Act designates a particular tribunal as the exclusive forum wherein the issues raised by the cross-complaint may be tried, it follows that the district court lacks jurisdiction to hear such issues, unless it be determined that the Act is unconstitutional. In reply counsel stated they intended to argue that the Act, so far as it relates to Rent Regulations, is unconstitutional.

During the argument the court further observed: "If we find that the subject matter of the Act is perfectly constitutional and Congress has designated that anything touching this Act must be established by a certain court, then we certainly haven't any constitutional right to consider it." To this, defense counsel responded: "There isn't any question about that at all, your Honor, and if I can't convince you that the Act is unconstitutional, then I have lost my case, so far as this court is concerned, and there will not be any question or quibble about it."

The argument on behalf of the defendants may be said to be two-fold in character. On the one hand counsel have sought to point out various injustices resulting from the aforementioned Rent Regulations and likewise how its application runs counter to the proper construction of the Act. Secondly, they insist that if the Act be construed to have the effect outlined in the colloquy last mentioned—this is the construction which the government has adopted—then it is unconstitutional. In this connection the defense contends that, once having granted to the district court jurisdiction to enjoin violation of the provisions of said Act and of the Regulations adopted thereunder and also to enforce compliance therewith, in suits instituted by the Price Administrator, Congress could not prohibit such court from passing upon the validity of such Regulations. To do so they insist would in effect deprive the citizen of his day in court when sued by the government, and indeed would constitute an attempt to direct such court how to decide the litigation. Amplifying their position, defendants argue that the meaning which the government has given to the Act enables it to bring the property owner into court against his will, to enforce compliance with this statute and any regulation adopted thereunder, and at the same time deprives him of his day in court by barring him from exercising his constitutional right to establish any applicable defense, particularly in this instance the defenses that the Regulation in question has no legal sanction and that the Act violates the Constitution.

To these arguments the government replies that the defendants have confused the issues by failing to distinguish between substantive rights on the one hand and procedural remedies on the other hand. In this connection it is pointed out that by the provisions of Section 204 of the Act, Congress has provided the administrative tribunals and procedure for hearing and determining all complaints attacking any Regulation adopted under said Act, and has vested such tribunals with exclusive jurisdiction to decide such issues. Accordingly it is asserted that under "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted", if the defendants wish to secure relief against any regulation issued by the Price Administrator, then they must apply to the administrative forum provided by the Act for that purpose. "Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage." See Myers v. Bethlehem Corp., 303 U.S. 41 at 50, 51, 58 S.Ct. 459, at 463, 464, 82 L.Ed. 638, and cases there cited.

Furthermore, the government calls attention to the proposition that the defendants may interpose any defense they may have to the complaint, including an attack upon the constitutionality of the Act. However, they point out that defending upon the latter or any other ground is quite different from seeking affirmative relief, either by way of complaint or cross-complaint, to enjoin the Price Administrator from enforcing the Act or any Regulation adopted by him. In other words, it is urged that while upon the trial the defendants herein are free to attack the constitutional validity of the Act, and if they should succeed in establishing such defense this litigation would be terminated, thus allowing them to

proceed with the eviction of their tenant, nevertheless under the provisions of Section 204(d) of the Act, no court, except the "Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals", has "jurisdiction to determine the validity of any regulation or order issued * * * and of any provision of any such regulation, order * * *." Again it is insisted that by virtue of the limitations prescribed by the latter section no tribunal except either the Emergency Court of Appeals or the Supreme Court has "jurisdiction or power to consider the validity of any such regulation, order * * * or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective * * * any provision of any such regulation, order, * * * or to restrain or enjoin the enforcement of any such provision."

Opposing these contentions of the government defense counsel argue that the aforementioned provisions of Section 204(d) are applicable only to a proceeding initiated by way of a protest filed against an Order or Regulation of the Price Administrator. In other words, they urge that Congress did not intend by this legislation to deprive an aggrieved person of his right to be heard in the ordinary courts of the land upon any issue affecting him, including the right to secure injunctive or other affirmative relief. Indeed, defendants assert that they may disregard the Act entirely, inasmuch as they claim the same to be unconstitutional.

Much reliance is placed by defendants upon the case of Brown, Administrator, etc., v. Lloyd Arnold, Judge, etc., 26 S.E.2d 238, decided by the Supreme Court of Appeals of West Virginia on June 8, 1943, and upon the decision rendered in Brown, Administrator v. O'Connor, et al., on May 14, 1943, and reported in D.C., 49 F.Supp. 973, 976. In the first of these cases the only issue involved was defined by the court in the syllabus to its opinion as follows: "The writ of prohibition issues only in clear cases; and where, upon petition of the Administrator of Price Administration, it is charged that a circuit court exceeded its jurisdiction in an unlawful detainer action in that, by sustaining a demurrer to a special plea averring that the landlord failed to comply with a rent regulation issued under authority of the Emergency Price Control Act of 1942, Public Laws No. 421, 77th Congress, Second Session, Chapter 26, 50 U.S.C.A. Appendix § 901 et seq., the circuit court considered the validity of such regulation in violation of the Act, but such contention is not supported by that portion of the record in the eviction proceeding which is before this Court, the writ of prohibition will be denied."

In the course of its opinion, the court there said:

"Since the Administrator charges that the circuit court exceeded its jurisdiction by considering the validity of the regulations and by sustaining the demurrer to special plea No. 1, determined the constitutionality of the Act, our primal inquiry must be to determine the reality of that assertion. A negative determination thereof would obviate the necessity of inquiry into the question of the right of a state court to consider the validity of the regulations. * * *

"From the foregoing we are unable to say that the judgment of the trial court involved consideration of the validity of the regulations or constitutionality of the Act. * * *"

Thus it becomes obvious that the highest court of West Virginia did not undertake to rule upon any of the questions presented before us upon the motion to dismiss the cross-complaint.

In the remaining case cited, the court after taking evidence denied the Administrator's application for an injunction to restrain a landlord from charging rental in excess of the ceiling price and dismissed the suit. No affirmative relief was there sought by the property owner. In its opinion the court expressly declined to pass upon the constitutionality of the Act. The sole ground upon which that decision rested was that the evidence proved that an agent of the Administrator had made representations to the landlord which misled the latter into doing the things which the complaint charged as being in violation of the Administrator's Regulation. Such conduct the court found to be unconscionable and inequitable. In the course of its opinion the court observed:

"* * * This court has frequently determined for itself, in line with the controlling authorities, that, when the citizen enters court, as the plaintiff, for restraint against an Act, without making use of the

90

Administrative remedy first, that he cannot do so. That is not this case. Cases which deny the citizen that right, in that sort of a case, are not applicable here. Here, the United States comes to the Chancellor. The United States is the plaintiff. It is bounden to make out its case in such a nature as to appeal to the conscience of the Chancellor. If it has not done so, it is not entitled to a decree.

"* * * I don't think it would be 'equitable and right' to enjoin the defendants from continuing such contracts with reference to their property as they and their renters may think appropriate. This right to continue only until they seek, speedily, adjustment with the Administrator.

"Therefore, this suit will be dismissed without prejudice to the Administrator's right to rebring it if and when he thinks it appropriate and without prejudice to the defendant's right to make their application to the Administrator for adjustment of the rents, and the temporary restraining order heretofore granted against the citizen collecting his rents is set aside."

In view of the language above quoted it is clear that the decision last cited does not support defendants' claim to injunctive relief under their cross-complaint. On the contrary the ruling there made was to the effect that a landlord claiming to be aggrieved because of a regulation issued by the Administrator must "seek, speedily, adjustment with the Administrator". This would appear to be in harmony with the position taken by the government in the instant suit, namely, that by their cross-complaint defendants seek to be relieved from a certain Regulation issued by the Administrator, and that to obtain such relief they must exhaust the administrative remedy prescribed by the Act, rather than apply to the courts for the same.

Such administrative remedy is prescribed, also the forum empowered to grant the same is established, and the procedure governing the hearing and determination of the proceedings instituted to obtain relief from Regulations adopted by the Administrator is defined, by the provisions of Section 204, Subdivisions (a) to (d) inclusive of the Act, 50 U.S.C.A. Appendix § 924 (a to d).

■ The constitutional validity of Section 204 (d) was definitely upheld by the Supreme Court in its decision rendered May 10, 1943, in the case of Lockerty et al. v. Phillips, 63 S.Ct. 1019, 1022, 87

L.Ed. ——; in the course of its opinion the court there declared:

"* * * In the light of the explicit language of the Constitution and our decisions, it is plain that Congress has power to provide that the equity jurisdiction to restrain enforcement of the Act, or of regulations promulgated under it, be restricted to the Emergency Court, and, upon review of its decisions, to this Court. Nor can we doubt the authority of Congress to require that a plaintiff seeking such equitable relief resort to the Emergency Court only after pursuing the prescribed administrative procedure. * * *

"* * * The present Act has at least saved to the Emergency Court, and, upon review of its decisions, to this Court, authority to determine whether any regulation, order, or price schedule promulgated under the Act is 'not in accordance with law, or is arbitrary or capricious'. We think it plain that orders and regulations involving an unconstitutional application of the statute are 'not in accordance with law' within the meaning of this clause, and that the constitutional validity of the Act, and of orders and regulations under it, may be determined upon the prescribed review in the Emergency Court."

■ The reasoning followed by the Supreme Court in reaching the conclusion announced in the Lockerty case, wherein it sustained the decision of the lower court refusing an injunction sought to prevent enforcement of price regulations adopted by the Administrator, convinces us that defendants' cross-complaint fails to state facts sufficient to entitle them to the relief thereby sought.

Here, as in the Lockerty case, the defendants under their cross-complaint are "seeking the aid of the district court to restrain the enforcement of an administrative order without pursuing the administrative remedy provided by the statute * * * and without recourse to the judicial review by the Emergency Court of Appeals and by" the Supreme Court "which the statute affords." Such procedure is prohibited by those provisions of the Act which the Supreme Court declared to be valid in the case cited. This conclusion is likewise supported by the opinion rendered in the case of Henderson v. Kimmel, D.C., 47 F.Supp. 635.

Accordingly we hold that defendants' cross-complaint should be dismissed.