**BOWLES, Administrator, Office of Price Administration, v. CREW et al.**

**No. 4140–BH Civil.**

District Court, S. D. California, Central Division.

March 31, 1945.

810

H. Eugene Breitenbach, William U. Handy, and Joseph K. Coady, Office of Price Administration, all of Los Angeles, Cal., for plaintiff.

Freston & Files and B. B. Vogel, all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The Administrator of the Office of Price Administration has sued the defendant, who is the operator of a gasoline service station, at Los Angeles, California, "at which petroleum products have been and now are sold at retail", charging him with the violation of Section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 904(a), and of Revised Maximum Price Regulation 137, as amended, 9 Federal Register 1117.

Specifically, the complaint avers that the defendant has sold automotive gasoline containing an octane number less than 75 ASTM at 20 cents per gallon, when the maximum price, under Section 6(a) of R. M.P.R. 137, is 18 cents per gallon. The complaint asks us to enjoin future violations.

The defendant, in addition to his answer, in which he denies the allegations of the complaint, has filed a cross-complaint for declaratory relief, in which he seeks a declaration that the regulation does not prohibit the sale of the type of gasoline involved at premium prices, or, if it does, that it is arbitrary, unreasonable, discriminatory, unconstitutional, illegal and void.

The Administrator has moved to dismiss the cross-complaint.

■ At the outset, we are confronted with the proposition that, as the Government enjoys immunity from suit, there is no right to file a cross-complaint against it in any action which it institutes. See: United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. United States Fidelity Co., 1940, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; United States v. Merchants Transfer & Storage Co., 9 Cir., 1944, 144 F.2d 324. Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has not altered the immunity of the United States from suit except in cases "now fixed by law." United States v. Biggs, D.C.Ill. 1942, 46 F.Supp. 8. A suit by the Office of Price Administration is, in reality, a suit by the Government, to which this principle would apply.

■ However, a more formidable obstacle in the path of the defendant is the fact that the Emergency Price Control Act of 1942, § 204, 50 U.S.C.A.Appendix § 924(a) to (e), has established a special court, the Emergency Court of Appeals, and has authorized it to review judicially all matters relating to price regulation. All the courts which have had occasion to rule on the matter have held that this is an exclusive remedy by which that court is lodged with the sole jurisdiction to determine legality, arbitrariness or constitutional validity of the Emergency Price Control Act and of orders and regulations made under it. See: Lockerty v. Phillips, 1943, 319 U.S. 182, 189, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 1944, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Henderson v. Kimmel, D.C.Kan.1942, 47 F.Supp. 635; Brown v. Lee, D.C.Cal.1943, 51 F.Supp. 85; Illinois Packing Co. v. Defense Supply Corporation, D.C.Ill.1944, 57 F.Supp. 8.

■ These decisions apply the general rule of administrative law that when a mode of review of administrative action is ordained which calls for resort to a particular tribunal, all other methods of review are excluded. This, because, in such cases, the manner ordained is the limit of the right to review. No other can be invoked. See cases cited above and my opinions in Northrop Corporation v. Madden, D.C.1937, 30 F.Supp. 993; Redlands

Foothill Groves v. Jacobs, D.C.1940, 30 F. Supp. 995.

I believe that the language of the decisions is explicit enough to warrant the conclusion that the exclusiveness of the method of review cannot be impaired by the procedure which the litigant may adopt. In other words, it matters not whether he seeks an injunction, or a mere declaration of invalidity, or whether he does this by an action of his own or by way of cross-complaint. If he seeks a review before a tribunal other than the one on which the Congress has conferred the sole right, he has chosen the wrong forum.

In this case, the grounds of attack in the cross complaint are arbitrariness, unreasonableness, unconstitutionality.

■ The Congress, in Subdivisions (b) and (d) of Section 924 of 50 U.S.C.A.Appendix, has specifically designated the first two of these grounds of review as the exclusive province of the Emergency Court of Appeals. And the Supreme Court, in Lockerty v. Phillips, supra, has stated emphatically that the words "not in accordance with law" contained in these subsections cover both unconstitutionality and unconstitutional application of the statute.

But the defendant would have us find in Subdivision (m) of Section 902, Title 50 U.S.C.A.Appendix, added by the Act of June 30, 1944, warrant for the procedure to which he has resorted. He argues that this subsection is, in effect, a congressional modification of the interpretation placed by the courts upon the exclusiveness of the power of review.

At best, he says, this provision and Section 924 are contradictory, and the one of later origin should prevail. The subsection reads: "No agency, department, officer, or employee of the Government, in the payment of sums authorized by this or other Acts of Congress relating to the production or sale of agricultural commodities, or in contracts for the purchase of any such commodities by the Government or any department or agency thereof, or in any allocation of materials or facilities, or in fixing quotas for the production or sale of any such commodities, shall impose any conditions or penalties not authorized by the provisions of the Act or Acts, or lawful regulations issued thereunder, under which such sums are authorized, such contracts are made, materials and facilities allocated, or quotas for the production or sale of any such commodities are imposed. Any person aggrieved by any action of any agency, department, officer, or employee of the Government contrary to the provisions hereof, or by the failure to act of any such agency, department, officer, or employee, may petition the district court of the district in which he resides or has his place of business for an order or a declaratory judgment to determine whether any such action or failure to act is in conformity with the provisions hereof and otherwise lawful; and the court shall have jurisdiction to grant appropriate relief. The provisions of the Judicial Code as to monetary amount involved necessary to give jurisdiction to a district court shall not be applicable in any such case."

■ I am of the view that this subsection was intended to afford relief only against conditions and penalties which regulate the payment of subsidies relating to the production or sale of agricultural commodities, or in government purchases thereof, or an allocation of materials and facilities, or the fixing of quotas for the production or sale of such commodities. And that the resort to court action for relief from "conditions or penalties", which violate the provisions of the Act, was limited strictly to these matters,—that is, subsidies for the production and sale of agricultural commodities, including government purchases, and allocation of materials or facilities, and fixing of quotas.

Obviously, the provision does not apply to price regulations as such. Rightly. For if Section 902(m) allows a litigant sued for a price violation to attack its validity, in the face of the only way of review, lodged by the Congress in the Emergency Court of Appeals, after the administrative remedies have been exhausted, we would have the anomaly of two methods of review open to any person aggrieved by the action of the Administrator,—one through the Emergency Court of Appeals, and the other through the district courts. The defendant concedes that, if his position is correct, there is nothing in the Act which would prevent the aggrieved person from applying to the district court and attacking the validity of a regulation without waiting for the Administrator to hail him into court for its violation. If this be so, then we are faced with the spectacle of the Congress of the United States establishing a high court in which, subject to appeal to the Supreme Court, is lodged the responsibility

of reviewing judicially the acts of the Price Administrator, in order to secure uniformity of interpretation, in effect, destroying this method of review by giving to an aggrieved person the option of choosing another forum.

Under this interpretation, every district court in the United States would become an original forum. Uniformity of interpretation would have to await, in the case of each particular regulation, a judicial finality which could not be attained until the decisions reached the Supreme Court, through the long process of appeal from the district courts. We cannot believe that the Congress of the United States intended to do this. For it flies in the face of its own past practices in such matters. The more recent trends, even those ante-dating the war, also speak against such assumption. For, to name but two important pieces of pre-war social legislation,— the National Labor Relations Act (in Section 10), 29 U.S.C.A. § 160, and the Fair Labor Standards Act of 1938 (in Sections 6, 7 and 10), 29 U.S.C.A. §§ 207, 208 and 210, embody complete and exclusive methods of review. And courts have rejected every attempt to nullify or circumvent them. National Labor Relations Board v. Jones & Laughlin Steel Corporation, 1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L. R. 1352; United States v. Darby Lumber Co., 1941, 312 U.S. 100, 61 S.Ct. 451, 85 L. Ed. 609, 132 A.L.R. 1430.

It is inconceivable that the Congress of the United States, after enacting the Emergency Price Control Act of 1942, in order to control inflation, and providing a method of judicial review which would insure uniformity of interpretation, should have sought, by subsequent amendment, to destroy the effectiveness of such review by giving to a person aggrieved by an act of the Administrator the option to resort to the district courts, thus subjecting the Administrator to the uncertainty of piecemeal determination of important questions of policy in the various districts of the United States and depriving him of that quick achievement of finality of interpretation, so important to one administering price control in a complex war economy.

■■ In resolving claimed conflict between legislative enactments, it should be our aim to envisage the completeness of the legislative scheme and to avoid an interpretation which would destroy it as a harmonious whole. The language of the

1944 amendment (Subsection m) 50 U.S. C.A.Appendix § 902(m), considered in the light of the policy of the law and of the historical polity of the Congress, calls for the rejection of the interpretation suggested by the defendant.

It commands a ruling that the amendment did not, in any way, impair or destroy the exclusiveness of the method of review prescribed by Section 924.

The defendant cannot, therefore, employ a cross-complaint, in the form of declaratory relief, to secure in this court, an adjudication of the validity of the regulation, with the violation of which he is charged.

His remedy, after going through administrative channels, is before the Emergency Court of Appeals.

The motion of the Administrator to dismiss the cross-complaint is granted.