Booth, Judge,
delivered the opinion of the court:
The petition in this case alleges infringement of certain patent rights. A demurrer to the petition challenges the *339 jurisdiction of the court as to certain specified patents, which, if tenable, eliminates all claims thereunder.
The allegations of the petition are in due form. The only facts alleged which require notice are those that disclose the relationship of the original patentee to the Government .•at the time applications were made for the patents coming • within the scope of the demurrer. In this respect the petition states that on January 9, 1900, Reginald A. Fessenden •_ entered into a written contract with the Secretary of Agriculture, by the terms of which the Secretary agreed to employ him at a salary of $3,000 per annum; to employ (if . necessary) an assistant for him at a salary of $1,200 per •annum; to purchase apparatus, supplies, etc., considered necessary by the Chief of the Weather Bureau, and to detail two employees to assist in conducting experiments, all with- - out expense to said Fessenden, in consideration of which all inventions pertaining to the wireless transmission of electric , signals were to be patented by Fessenden at his own expense, . and the unlimited right and license accorded the Weather-Bureau, Department of Agriculture, to manufacture and use the same, except the actual cost of manufacturing said apparatus when incurred by the patentee. The patentee • expressly reserved all other commercial rights and privileges. On January 19, 1900, following the execution of this contract, Fessenden made in the usual form his signed application for employment in the bureau as special agent. On the same day he took the oath of office as such, and con- • tinued in such relationship until September 9, 1902.
During this period of governmental service the patents involved were developed by the original inventor, and the applications for and granting of letters patent occurred.
The following letters patent, together with dates of allowance and application, fall within this category, viz: Reissue No. 12,168, dated November 10, 1903 — reissued as division of patent No. 706,137 — application filed May 29, 1901; reissue No. 12,169, dated November 10, 1903 — reissued as division of patent No. 706,737 — application filed May 29, 1901; No. 706,742, dated August 12, 1902 — application filed June 6, 1902; No. 706,746, dated August 12, 1902 — application filed July 1,1902; No. 706,747, dated August 12,1902— *340 application filed September 28, 1901; and No. 753,863--application filed September 28, 1901. All the above patents covered claims for wireless signaling apparatus.
The jurisdictional act of June 25, 1910, 36 Stat. 851, and the amendatory act of July 1, 1918, 40 Stat. 705, C. 114-, sec. 1, restrict the jurisdiction of this court in infringement cases by the following proviso: “ Provided further, That the benefits of this act shall not enure to any patentee, who, when he makes such claim, is in the employment or service of the Government of the United States; or the assignee of any such patentee; nor shall the act apply to any device discovered or invented by such employee during the time of his employment or service.” The amendatory provisions of the act of July 1, 1918, in no way change the issue here.
It is conceded by the plaintiff that the case falls within the words of the jurisdictional statutes, and if strict adherence to the words of the law is imperative, the court is without jurisdiction to adjudicate the claims under the foregoing patents. Plaintiff’s contention, however, is that the special contract pleaded excepts him from the operation of the statutes, and in any event he is manifestly immune from the same because clearly not within its spirit and intent.
íhe jurisdictional acts involved are free from ambiguity. The language used imports no obscurity as to intent or meaning. If within the letter of the law, this court is powerless to afford relief, in the face of allegations which unmistakably disclose a situation which the statutes were designed to reach. The only question here is one of jurisdiction, and manifestly an allegation of employment for a stated period, at a fixed compensation, for a specific purpose, makes the one so engaged an employee of the Government and puts him into the service of the United States. Whether a special contract with reference to this service conferred reciprocal rights and obligations upon the parties thereto is aside from the issue now of primary importance. Congress, by the jurisdictional acts, made no discrimina-tions. Our jurisdiction ceases when the plaintiff becomes an employee of the Government, irrespective of the method by which the employment was brought about, or the service to be rendered. When one is lawfully inducted into the Gov- *341 eminent service and becomes entitled to compensation for what is done thereafter, he obviously takes the status of an employee, and Congress, under its plenary power so to do, has withheld from one in this position the right to prosecute in this court a suit for an infringement of a patent “ discovered or invented by such employee during the time of his employment or service.”
At the time the inventor entered the Government service no remedy had been provided whereby a patentee might assert an infringement claim against the Government. The only jurisdiction existing in this court was where the facts and circumstances surrounding the use of a patented device by the United States warranted the court in implying a contract to pay for the same, as illustrated in the cases of United States v. Berdan Firearms Mfg. Co., 156 U. S. 552, and Schillinger v. United States, 155 U. S. 163.
Congress, familiar with the situation and the limited right of prosecuting claims obtaining under the decisions cited, was concerned with extending the jurisdiction of the court to infringement cases; i. e., providing a remedy where under the circumstances of the user no contract could be implied. In considering the new legislation the question of the extent of the remedy became an important factor. The Supreme Court in Solomons v. United States, 137 U. S. 342, had decided that a person in the employ and pay of the United States who had been directed to devise or perfect some instrument or means of accomplishing a result, and who had successfully done so and taken out letters patent on his discovery, is to be considered as having given to his employer an irrevocable license to use such invention. The rule thus announced was not in all respects a new one. The decision was an affirmation of existing law. Congress was therefore confronted, as the debates clearly indicate, with the proposition, obviously debatable, whether the general provisions of the proposed new jurisdictional act would not in effect enlarge the remedy to the extent of admitting the assertion of claims theretofore excluded by the rule in Solomons case, supra. In order, then, to place the matter beyond dispute and effectually foreclose the right of Government employees to sue for infringement of patent' devices discovered, de *342 veloped, and patented while in the service, Congress enacted in singularly precise language, first, withholding a remedy from one who when he makes such a claim is an employee of' or in the service of the Government, and, second, when the device discovered or invented was discovered or invented during the time the inventor was an employee of the United States.
It is difficult to conceive two more comprehensive enactments. The scope of the legislation is indeed complete. It reaches all phases of a situation where one in the Government service seeks to hold the Government responsible for an infringement of a patent device patented while in the-service, or where the claim for the same is made while so-employed.
Doubtless what the inventor was seeking to accomplish by" the written contract set out in the petition was relief from the decision of the Supreme Court in the Solomons case. Whether that effect, in the absence of the jurisdictional acts subsequently passed, would have obtained is not now in controversy. Suffice it to say that when Congress determined upon a new jurisdiction and extended to inventors the right to sue the United States in infringement cases, it so circumscribed the remedy as to give effect in even a more restricted sense to the rule established by the Solomons case.
The appeal of the plaintiff to the rule of statutory construction, fundamental and long recognized, that words in a statute are to be construed in harmony with legislative intent, and that the mischief intended to be corrected determines the scope of the law, is apparently inapplicable where the statute itself is free from ambiguity.
We need do no more than refer to the principle of law that in suits against the Government the remedy is one for congressional determination. Whatever limitations Congress desires to impose may be imposed, and when jurisdiction is withheld from a stated class eo nomine, the court is without authority to proceed, if the facts bring the plaintiff within the named class. Congress made no exception with respect to how employment in the service was brought about. The legislation speaks only of those in the service, and, cle- *343 spite the equities in the case, we have no other course to follow than the express words of the statute. The demurrer as to the above items will be sustained. As said by the Supreme Court in Nassau Smelting Works v. United States, 266 U. S. 101, 106, “The objection to a suit against the United States is fundamental, whether it be in the form of an original action or a set-off or a counterclaim. Jurisdiction in either case does not exist unless there is specific congressional authority for it.”
It further appearing to the court that the facts stated in the petition with respect to the patents enumerated herein do not furnish any ground for relief, authority to take testimony as to them is withheld under section 165, Judicial Code. It is so ordered.
Graham, Judge; Hat, Judge; Downey, Judge; and Campbell, Chief Justice, concur.