UNITED STATES to Use and for Benefit of
FOSTER WHEELER CORPORATION v.
AMERICAN SURETY CO. OF NEW
YORK et al.

No. L–7634.

District Court, E. D. New York.

Nov. 28, 1938.

Kamen & Ostertag, of New York City, (Bernard I. Kamen and Sol S. Ostertag, both of New York City, of counsel), for plaintiff.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Bigham, Englar, Jones & Houston, of New York City (W. J. Nunnally, Jr., and Henry J. Bogatko, both of New York City, of counsel), for defendant Atlantic Basin Iron Works.

MOSCOWITZ, District Judge.

These are two motions, the first being a motion by the intervening defendant, Atlantic Basin Iron Works, to make the United States a party to this action. The second is a motion by the use plaintiff, Foster Wheeler Corporation, to strike out the answer of the intervening defendant because of failure to comply fully with a demand for a bill of particulars.

The action in which these motions are made is one brought by the Foster Wheeler Corporation, a subcontractor, in the name of the United States against the American Surety Company of New York on a payment bond furnished by the intervening defendant as contractor. The action is brought under Title 40 U.S.C.A. § 270b, and has as its purpose the recovery of a balance due in the sum of $5,615.29 for work, labor, services and materials furnished by the use plaintiff to the intervening defendant.

It appears that the United States had contracted with the Atlantic Basin Iron Works for the installation of new boilers on the U. S. A. T. "Republic" part of which work was subcontracted to the use plaintiff. Defects appeared in the work necessitating repairs by the contractor in the amount of $3,229.69. Further repairs by the government cost $8,135.77.

At the request of the defendant Surety Company, The American Basin Iron Works intervened and filed an answer denying the use plaintiff's claim and also setting up a counterclaim for defective material furnished by the use plaintiff alleging damage to the intervening defendant in the sum of $11,365.46.

All the parties involved herein, with the exception of the United States, are New York corporations. By the first motion, the intervening defendant seeks leave to serve a summons and complaint upon the United States to recover for repairs it was compelled to make, totalling $3,229.69, after the above mentioned defects appeared.

It is charged on one side that the defects resulted from the work by the use plaintiff and on the other that they resulted from improper operation by the government. Whatever may be the cause, it is obvious that the various claims of the parties hereto, when viewed together, are directed towards ascertaining the party at fault and determining the place where the loss shall rest. Involving one transaction, this is the common question running through the claim and counterclaim.

The new rules of procedure are designed to enable the disposition of a whole controversy such as this at one time and in one action, provided all parties can be brought before the court and the matter decided without prejudicing the rights of any of the parties. There is nothing presently apparent which would substantially prejudice the rights of anyone if these various claims are heard together. It is therefore necessary to determine whether the United States can be made to answer in this action to the intervening defendant's claim against it and also to consider whether the same defendant may assert a claim against

the use plaintiff, which latter problem the use plaintiff urges is interwoven with the former.

First it should be recognized that although no claim is directly asserted against the intervening defendant, it is in fact the defendant ultimately liable if recovery is had against the Surety Company, in view of the Surety Company's rights of indemnification. Under such circumstances it becomes proper that it be permitted to assert such counterclaims as may be within the jurisdiction of this court.

While it is true that because of lack of diversity of citizenship, the intervening defendant could not sue the use plaintiff in this court on the facts alleged in its counterclaim, if these facts were set forth in an independent suit, yet this fact does not deprive this court of jurisdiction. The main action is brought under a statute of the United States. To this complaint must be set up all counterclaims arising out of the same transaction. Rule 13(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Under such circumstances, no independent jurisdiction is necessary for the assertion of the counterclaim. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370; see Moore, Federal Practice p. 686. The counterclaim of the intervening defendant against the use plaintiff is therefore proper.

While the United States may not be sued without its consent (Nassau Smelting & Refining Works, Ltd. v. United States, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190) it may be subjected to suit where Congress has granted permission. The claim which the intervening defendant seeks to assert against the United States falls within the permission granted by Title 28 U.S.C.A. § 41(20). So far as the government asserts that it is already a party to this proceeding (Cf. United States Fidelity & Guaranty Company v. United States, 204 U.S. 349, 27 S.Ct. 381, 51 L.Ed. 516) and therefore cannot be made a third party defendant, it would appear immaterial whether it be viewed as such or as a party plaintiff against whom a counterclaim is asserted.

It is sufficient that the requirements of Rules 3 and 4(d) (4) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, be met in commencing a proceeding against the United States and therefore the objection of the government that the requirements of 28 U.S.C.A. §§ 762 and 763 were not met, is immaterial. It is to be presumed that the Supreme Court considered the problem of whether or not Sections 762 and 763 of 28 U.S.C.A. were procedural or substantive and concluded that the procedure outlined therein could be altered by the new rules. Rules 3 and 4(d) (4) are to be regarded as supplanting these statutes. See Moore, supra, at 250.

While the claims set up by the intervening defendant are not wholly consistent with each other, this affords no reason for dismissing one or all of them. Consistency between various claims asserted is not necessary under the new rules. Rule 8(e) (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

With respect to the second motion, it is sufficient that the intervening defendant supply the use plaintiff with those particulars which have been demanded and of which it presently has knowledge and information with the further proviso that it serve further particulars, at least ten days before trial, of such information which has been requested and which it may learn before that time. The second motion is therefore denied on these conditions.

Settle orders on notice.