BOWLES, Price Administrator, v. ELEC-
TROMATIC DISTRIBUTORS, Inc.,
et al.

District Court, S. D. New York.
Jan. 25, 1946.

978

Callman Gottesman, Chief Enforcement Atty., of New York City (Albert L. Colloms, Chief, Fuel & Consumer Durable Goods Section, and Barney Rosenstein, both of New York City, of counsel), for plaintiff.

Arthur G. Warner, of New York City, for defendants.

MANDELBAUM, District Judge.

This is a suit by the Office of Price Administration for an injunction and for treble damages. The corporate defendant, by its answer, has interposed six defenses and two counterclaims. The individual defendants have answered separately and have set up eleven defenses and one counterclaim.

The plaintiff moves to strike out the first, fourth and fifth defenses of all the defendants (these are identical in both answers), the seventh, ninth, tenth and eleventh defenses interposed by the individual defendants, and all the counterclaims of all the defendants.

### As to the First Defense

The first defense alleges that the complaint fails to state a claim against all the defendants upon which relief can be granted.

■ The defendants have heretofore moved to dismiss the complaint. Judge Leibell, by order dated November 7, 1945, denied the motions. In seeking to sustain this defense, the defendants have attempted to reargue the motion previously denied by Judge Leibell. Irrespective of this, any damages recoverable must be for acts committed by the defendants within the statutory period. This burden lies with the plaintiff.

The first defense is stricken.

### As to the Fourth Defense

The fourth defense alleges that if any violations were committed, they were brought about by the actions of the Office of Price Administration by misleading and misinforming the defendants. In essence, the defendants claim an estoppel.

■ It is well settled that an act or representation of an officer or agent of the government who lacks authority to act for it, cannot in any manner create an estoppel against the government. The regulations provide the procedure for securing official interpretations apprising such persons seeking same of their rights and liabilities. Bowles v. Indianapolis Glove Co., 7 Cir., 150 F.2d 597. However, this question can better be determined at the trial.

The fourth defense is not stricken.

### As to the Fifth Defense

■ The fifth defense asserts that the order is arbitrary, capricious, discriminating and is accordingly invalid and unconstitutional.

The courts have held (and it is so conceded by the defendants) that the Emergency Court of Appeals has exclusive jurisdiction of such matters.

The fifth defense is stricken.

### As to the Seventh Defense

■ The seventh defense raises the issue of the prematurity of the suit. The plaintiff counters by charging that, in effect, this defense is an attack on the validity of the order and hence within the exclusive jurisdiction of the Emergency Court of Appeals. I believe plaintiff to be correct in this assertion.

The seventh defense is stricken.

### As to the Ninth Defense

The ninth defense pleads an estoppel. It also pleads that if there was a violation, defendants did not wilfully commit same. The court will not strike this defense for the reasons set forth in its denial to strike the fourth defense.

The ninth defense is not stricken.

### As to the Tenth Defense

As I read the language of the tenth defense, it appears to be couched in terms which challenge the Administrator's authority to issue the order. However, I am of the opinion that it is a roundabout way of attacking the validity of the order, and as I have previously stated, this is a matter exclusively within the jurisdiction of the Emergency Court of Appeals.

The tenth defense is stricken.

### As to the Eleventh Defense

The eleventh defense contains language somewhat ambiguous. Plaintiff asserts that this is simply an attack on the order as being unfair and inequitable and accordingly belongs in the Emergency Court of Appeals. I am in accord with plaintiff's position.

The eleventh defense is stricken.

### As to all the Counterclaims Interposed by the Corporate and Individual Defendants

The counterclaims for declaratory judgments interposed by the corporate and individual defendants cannot be sustained. Under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., Congress has provided a method of administrative determination by protest proceedings before the Administrator and review by the Emergency Court of Appeals and the Supreme Court. The jurisdiction is exclusive and there can be no resort to the district court for review. Bowles v. Crew, D.C., 59 F.Supp. 809.

The defendants argue that the issues involved in the counterclaims are not the proper subject of a protest proceeding before the Administrator, but are for the district court since they involve a question of the interpretation of the appropriate regulation. Even if that is so, the defendants, as I see it, are not harmed inasmuch as the denials contained in their answers raise issues which places the burden upon the Administrator upon trial, in establishing that the specific regulations named were applicable to sales by them and further establishing the ceiling price as a basis for proving the alleged overcharges.

The second obstacle to the counterclaims is the governmental immunity from suit which the United States enjoys whether it be in the form of an original action or a setoff or a counterclaim, unless Congress has specifically authorized it. Nassau Smelting Works v. United States, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190. The cases cited by the defendants in this connection have been examined by the court and found inapplicable.

All the counterclaims of the corporate defendant and the individual defendants are stricken.

During the course of the oral argument, the question of staying this action pending review by the Emergency Court of Appeals of the protest proceeding arose. Upon consideration, the court is disinclined to grant such stay.

Submit order on notice in accordance with the above opinion.