## UNITED STATES v. 9 ACRES OF LAND, MORE OR LESS, IN ST. MARY PARISH, LOUISIANA, et al.

### Misc. No. 680.

United States District Court
E. D. Louisiana, New Orleans Division.

Sept. 12, 1951.

Norton L. Wisdom, Special Atty., Department of Justice, New Orleans, La., for plaintiff.

John E. Jackson, Baldwin J. Allen, New Orleans, La., and George Link, Jr., New York City, for defendant Oyster Shell Products Co., Inc.

WRIGHT, District Judge.

The United States filed a petition pursuant to the authority contained in 33 U.S.C.A. § 702a to condemn certain property for floodway purposes describing the property to be condemned and naming, among others, as defendant and owner thereof the Oyster Shell Products, Inc. The United States had previously filed a declaration of taking of the property in question and had completed the construction thereon of certain levees to be used in connection with the Morganza Floodway.

Oyster Shell Products, Inc., has answered claiming the ownership of land described in the petition for condemnation on which part of the levee has been built. It has also filed a counterclaim alleging that in addition to its land described in the petition for condemnation, the United States has in fact taken all of its property adjacent thereto including a site across Berwick Bay at Morgan City. Oyster Shell Products, Inc., operates two plants used in the conversion of oyster shells into feeds and fertilizers on that part of its land not described as taken in the petition for condemnation, but which is contiguous to that part so described. It alleges that since the floodway levees have been built landward of its property, when the floodway is used for the purpose for which it has been designed flood waters will overrun its property on both sides of Berwick Bay completely destroying same. It contends that the moment the United States built the levees landward of its properties there was a taking of all of its property within the contemplation of the 5th Amendment, and that it should

be compensated for that taking in these proceedings. In effect it alleges that the United States may not evade its obligation to compensate an owner in full for his property by describing only a part of it in the petition for condemnation while actually and in fact taking all of it.

The United States has filed a motion to dismiss the counterclaim and a motion to strike from the answer all reference to property of the defendant not described in the petition for condemnation. The motion to dismiss the counterclaim filed by Oyster Shell Products, Inc., is sustained and it is hereby dismissed. The motion to strike filed by the United States is overruled.

■ The counterclaim filed herein by the defendant, Oyster Shell Products, Inc., sets up a claim against the United States in a manner and in a court in which the United States has not consented to be sued. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Nassau Smelting & Refining Works v. United States, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190; Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510; United States v. Meyer, 7 Cir., 113 F.2d 387; 3 Moore's Federal Practice 66–82. It may well be that this claim can be brought against the United States under the Tucker Act,[1] Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; but not in this court nor in these proceedings. United States v. Nipissing Mines Co., 2 Cir., 206 F. 431, certiorari dismissed 234 U.S. 765, 34 S.Ct. 673, 58 L.Ed. 1582.

■ It should be observed in passing that the evidence taken at the trial may show that the part of the defendant's property not taken in these proceedings has been damaged by the use to which the part taken has been put, in which event under 33 U.S.C.A. § 595 the defendant may be able to recover its damages. United States v. Dickinson, 331 U.S. 745, 751, 67 S.Ct. 1382, 91 L.Ed. 1789; Sharp v. United States, 191 U.S. 341, 354, 24 S.Ct. 114, 48 L.Ed. 211; Baetjer v. United States, 1 Cir., 143 F.2d 391, certiorari denied 323

U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618. Up to the present time, however, no claim has been made for such damages.

Since there is no just reason for delay, final judgment should be entered dismissing the counterclaim.