## OYSTER SHELL PRODUCTS CORP., Inc. v. UNITED STATES.

No. 13857.

United States Court of Appeals, Fifth Circuit.

July 24, 1952.

George Link, Jr., New York City, John E. Jackson, Baldwin J. Allen, New Orleans, La., for appellant.

Elizabeth Dudley, Atty., Department of Justice, Washington, D. C., Roger P. Marquis, Atty., Wm. Amory Underhill, Asst. Atty. Gen., Norton L. Wisdom, New Orleans, La., Special Atty., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment[1] dismissing the appellant's so-called counterclaim filed in a condemnation proceeding instituted by the United States. Under 33 U.S. C.A. §§ 702a–11 and 702d, the Secretary of the Army was authorized to cause proceedings to be instituted for the acquirement by condemnation of any lands, easements, or rights of way which, in the opinion of the Secretary of the Army and the Chief of Engineers, are needed in the development and construction of the Morganza Spillway and the Atchafalaya Floodway for the diversion of waters from the Mississippi River. The appellant's counterclaim insists that there should have been included in the petition for condemnation filed by the United States a description of all of the property belonging to appellant and described in its counterclaim, included and embraced in the actual taking in the construction of the Floodway; that practically all of appellant's properties have been dammed into the channel of the Floodway. The district court held that it had no jurisdiction to consider the counterclaim, because it sets up a claim against the United States in a manner and in a court in which the United States has not consented to be sued. We are in agreement with the views of the district court and do not consider it necessary to expand upon its opinion.

The judgment is affirmed.

---

1. The able opinion of the district court is reported in U. S. v. Nine Acres of Land, etc., 100 F.Supp. 378. The court determined that there was no just reason for delay and directed the entry of a final judgment under Rule 54(b), Fed. Rules Civ.Proc., 28 U.S.C.A.