**MITCHELL, Secretary of Labor**

v.

**FLOYD PAPPIN & SON, Inc.**

**No. 1487.**

United States District Court, D. Montana, Great Falls Division.

April 19, 1954.

Kenneth C. Robertson, Regional Atty., Dept. of Labor, James F. Scott, Asst. Regional Atty., Dept. of Labor San Francisco, Cal., and Henry N. Routzohn, Solicitor, U.S.D.L. Washington, D. C., for plaintiff.

H. C. Hall, E. C. Alexander and Howard C. Burton, Great Falls, Mont., for defendant.

PRAY, Chief Judge.

The question before the court in the above entitled cause at this time is on the motion by plaintiff for the dismissal of defendant's counterclaim, which was submitted on briefs filed by counsel for the respective parties.

This action was brought by the plaintiff, Martin P. Durkin, Secretary of

Labor, United States Department of Labor, on April 9, 1953, to recover from the defendant unpaid overtime compensation alleged to be due its employee, Vernon J. Gleason, under the provisions of the Fair Labor Standards Act of 1938, as amended, herein referred to as the Act.

It appears that employees engaged in the production of goods for interstate commerce must be compensated at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week, Section 7 of Act, and that when any written request is filed by any employee with the Administrator of the Wage and Hour Division, United States Department of Labor, claiming unpaid overtime compensation under Section 7 of the Act, the Administrator may bring an action in any court of competent jurisdiction to recover the amount of such claim, Section 16(c) of the Act.

Plaintiff calls attention to the transfer of the functions of the Administrator of the Wage and Hour Division, United States Department of Labor, under the Fair Labor Standards Act, to the Secretary of Labor, Reorganization Act of 1949, 5 U.S.C.A. § 133z and that jurisdiction of this action is conferred by Section 16(c) of the Act, and by Title 28 U.S.C. § 1337. The above-named plaintiff, Martin P. Durkin, was succeeded by James P. Mitchell, as Secretary of Labor, who has been substituted as party plaintiff herein.

Plaintiff states that Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C., to the extent quoted, is applicable: "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *.

"(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

The complaint in substance alleges that defendant conducted a ready to mix cement plant in Great Falls, Cascade County, Montana, and gravel pits near Vaughn and Cascade in said County, where it engaged in the production, sale and distribution of sand, gravel and ready mix cement; that from April 6, 1951 through July 9, 1952, defendant employed Vernon J. Gleason at its said places and in connection with its production of sand, gravel and ready mix cement for interstate commerce within the meaning of the Act, and that it employed Mr. Gleason in excess of forty hours during certain weeks without payment of the statutory overtime compensation and that said Gleason has filed with the plaintiff a written request to bring this action. Judgment is sought in the sum of $686.12 for the wage underpayments plus interest and costs.

The counterclaim alleges, among other things, that Vernon J. Gleason was employed by defendant for many years preceding plaintiff's claim and was a member of the International Union of Operating Engineers, Local No. 913, Great Falls, Montana, and that "defendant maintained a collective bargaining relationship with said Union".

Then follows a description of the relationship aforesaid as set out in plaintiff's brief, which counsel for defendant says is substantially correct. Defendant asserts as a set-off against plaintiff's claim the sum of $706.94, with interest thereon, which it claims is due from said Gleason.

Plaintiff asserts that the court lacks jurisdiction over defendant's counterclaim, which is permissive and requires independent grounds of federal jurisdiction.

To go further into detail as set forth by defendant: "Defendant and Local Union No. 913, since the inception of their collective bargaining relationship, have entered into no formal, written agreements, but, during all of such time have had an informal, oral understanding

to the effect that defendant would follow and comply with the terms and conditions of the labor agreement pertinent to heavy and highway construction negotiated between the International Union of Operating Engineers on behalf of all of its local unions and their component members in the State of Montana, and the Montana Contractors' Association, Inc., acting in behalf of its component members who employ personnel to perform work falling within the jurisdiction of the union."

The gist of the counterclaim seems to be that defendant never had a copy of the agreement but "relied upon the officials of Local Union No. 913 or the members thereof employed by defendant" to advise as to its terms; that Mr. Gleason advised the defendant that "it was his understanding", according to the allegations of the counterclaim, "that an agreement had been made providing that each employee working outside the city limits was to be furnished transportation by his employer and in addition, as travel pay, was to be given one hour's pay per day at the straight-time hourly rate under which such employees normally worked", and that "relying upon Gleason's representation that such contract clause had been negotiated" it furnished Gleason during the period covered by plaintiff's claim with transportation and paid him one hour straight time per day as travel.

It is further alleged that after the beginning of this action defendant was notified that the agreement of May 25, 1948, required only that the employee "be allowed travel time one way by the employer", and that effective April 30, 1951, and extending through April 30, 1956, a new agreement was made "which had not then, or at any intervening time, been called to its attention by Gleason or any other person", and which also provided that "employees be furnished transportation by the employer * * * or paid one dollar ($1.00) per working day travel expense if he furnishes his own transportation to the job site".

Defendant does not know whether Gleason knew of the new travel provisions in the said agreement of April 30, 1951. Defendant asserts that plaintiff was acting as the statutory agent of Gleason and claimed from defendant the sum of $686.12, with interest and costs, alleging as a set-off against said claim the said sum of $706.94 with interest, which defendant claims is due it from Gleason.

In argument plaintiff contends that the court lacks jurisdiction over the subject matter of defendant's counterclaim, which is permissive and required independent grounds of Federal jurisdiction; that in order to stand defendant's counterclaim must be compulsory and thereby be supported by ancillary jurisdiction; that a permissive counterclaim may be brought as a separate action and must be supported by independent grounds of federal jurisdiction; that there is no diversity of citizenship here, and the plaintiff is the United States of America, not a citizen of any State; that, referring to Rule 13(a) the counterclaim does not arise out of the transaction that is the subject matter of the plaintiff's claim. Is the testimony required to support the complaint substantially identical with that in support of the counterclaim? Does the counterclaim present a controversy of Federal cognizance? It was a claim for money had and received, but there appears to be no diversity of citizenship or sufficient sum involved, and, furthermore, does it appear that the plaintiff has consented to be sued, and is it such a case as would require consent? Kantar v. Garchell, 8 Cir., 150 F.2d 47, 49; Cusimano v. Falciglia, D.C., 6 F.R.D. 586.

It would seem that the only interest represented here under 16(c) is the public interest; the action is under control of the Government and the purpose is to require the employer to pay the statutory wages due for over-time work. It has been held the administrator represents a public interest and the employee a private interest and that two remedies

may well be required properly to safeguard the two separate interests, but that this officer properly and exclusively represents the public interest. McComb v. Frank Scerbo & Sons, 2 Cir., 177 F.2d 137, 139; Walling v. Miller, 8 Cir., 138 F.2d 629, 633.

██ It is said that while the employee may be a beneficiary he would have no personal right in the Government's cause of action; the real party in interest would be the Secretary of Labor. Tobin for and on Behalf of Wiley v. Wilson, D.C., 98 F.Supp. 131, 133, and a judgment in favor of the plaintiff would be payable to the Treasurer of the United States and the employee would have no property right in the award until he actually receives it. The plaintiff brings the suit in his official capacity for the benefit of the United States under the express provisions of a statute, and therefore it would seem that it is in effect a suit by the United States. Walling v. Norfolk Southern Ry. Co., 4 Cir., 162 F.2d 95; Walling v. Frank Adam Electric Co., 8 Cir., 163 F.2d 277.

Counsel for defendant in his able brief contends that the action is merely brought by the United States in a representative capacity, and his arguments throughout have required careful consideration by the court.

██ Authorities hold that a counterclaim will not lie against the United States without its consent. It was held that a defendant in an action brought by a federal official may not counterclaim where a suit would not lie against such official. Bowles v. Electromatic Distributors, Inc., D.C.S.D.N.Y.1946, 68 F.Supp. 977. In Bowles v. Crew, D.C., 59 F.

Supp. 809, the court said that an action commenced by the Office of Price Administration is an "action by the government" within the rule that governmental immunity from suit bars right to file a cross-complaint against the Government. U. S. v. Shaw, 309 U.S. 495, 60 S. Ct. 659, 84 L.Ed. 888; U. S. v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; U. S. v. Merchants Transfer & Storage Co., 9 Cir., 144 F.2d 324. Rule 13 F.R.C.P., 28 U.S. C.A., has not altered the immunity of the United States from suit except in cases "now fixed by law". U. S., for use of Mutual Metal Mfg. Co. v. Biggs, D.C., 46 F.Supp. 8. A case in point is found in United States ex rel. Tennessee Valley Authority v. Lacy, D.C.N.D.Ala., 116 F. Supp. 15, in which the court held that the counterclaim would not lie against the United States due to its sovereign immunity; that the T.V.A. brought the action only as agent for the United States and therefore a counterclaim can not be maintained against it in its individual capacity; that it is not an opposing party within the meaning of Rule 13 of the Federal Rules of Civil Procedure.

The lengthy briefs and several questions involved if considered and discussed in greater detail would, as the court views it, unnecessarily extend this decision, and therefore, having devoted much time to a study of the questions presented, and being duly advised and good cause appearing therefor, the court is now of the opinion that the counterclaim should be disallowed and the motion granted, and such is the order of the court herein. Exceptions allowed counsel.