**UNITED STATES of America,**
**Plaintiff,**

v.

**WILKES–BARRE TRANSIT CORPORATION, Defendant.**

**Civ. A. No. 5332.**

United States District Court
M. D. Pennsylvania.

July 31, 1956.

J. Julius Levy, U. S. Atty., Stephen A. Teller, Asst. U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for plaintiff.

Harry B. Schooley, Jr., James P. Harris, Wilkes-Barre, Pa., for defendant.

FOLLMER, District Judge.

On July 26, 1955, the United States instituted its action for property damage to its mail truck, predicated upon a collision which occurred on May 18, 1953, between the mail truck and a trackless

trolley coach of the defendant, Wilkes-Barre Transit Corporation (hereafter referred to as "Transit"). On August 15, 1955, Transit filed its answer with a counterclaim against the United States for property damage to its trolley coach. The United States then filed a motion to dismiss the counterclaim contending that such counterclaim was barred by the Statute of Limitations applicable to the Federal Tort Claims Act, 28 U.S.C. § 2401(b).

The right to bring an original action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., is specifically limited by 28 U.S.C. § 2401(b) which provides, inter alia:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * * or unless, if it is a claim not exceeding $1,000, it is presented in writing to the appropriate Federal agency within two years after such claim accrues * * *. If a claim not exceeding $1,000 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

As to counterclaims, Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C., expressly provides:

"(d) Counterclaim Against the United States. These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

Rule 13 therefore does not aid the defendant.[1] The question is whether this is a claim on which the United States has given its statutory consent to be sued.[2] Where the United States is defendant Congress has provided in 28 U.S.C. § 1346(c) that

"The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section."

Conversely, however, where the United States is plaintiff it is provided in 28 U.S.C. § 2406 that

"In an action by the United States against an individual, evidence supporting the defendant's claim for a credit shall not be admitted unless he first proves that such claim has been disallowed, in whole or in part, by the General Accounting Office, or that he has, at the time of the trial, obtained possession of vouchers not previously procurable and has been prevented from presenting such claim to the General Accounting Office by absence from the United States or unavoidable accident."

In United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 406, 95 L.Ed. 523, where the United States was impleaded as a third-party defendant, the Supreme Court construed the Federal Tort Claims Act as a consent by the Government to be sued for contribution as a joint tort-feasor. The Statute of Limitations was not involved. The Supreme Court said:

"Once we have concluded that the Federal Tort Claims Act covers an action for contribution due a tort-feasor, we should not, by refinement of construction, limit that consent to

1. United States v. State Bridge Commission of Michigan, D.C.E.D.Mich., 109 F. Supp. 690; Mitchell v. Floyd Pappin & Son, Inc., D.C.Mont., D.C., 122 F.Supp. 755; United States v. Waylyn Corporation, D.C.Puerto Rico, 130 F.Supp. 783.

2. United States v. Lashlee, D.C.W.D.Ark.,

105 F.Supp. 184; United States v. Patterson, 5 Cir., 206 F.2d 345; In re Greenstreet, Inc., 7 Cir., 209 F.2d 660; United States v. Failla, D.C.N.J., 120 F.Supp. 797; United States v. Boris, D.C.E.D.Pa., 122 F.Supp. 936.

cases where the procedure is by separate action and deny it where the same relief is sought in a third-party action. * * * "

A counterclaim is an analogous situation and with the Statute of Limitations not involved, such counterclaims were allowed in United States v. New York City Omnibus Corp., D.C.S.D.N.Y., 128 F. Supp. 86; United States v. Rosati, D.C. N.J., 97 F.Supp. 747; United States v. Vernon Cab Company, D.C.Mass., 125 F. Supp. 335, and United States v. Harms, D.C.Colo., 96 F.Supp. 1022.[3]

■ We are not here concerned with the problems of recoupment or set-off since defendant could recover on its counterclaim only if the plaintiff lost in the main action. It becomes a separate action for affirmative relief instituted beyond the limitation of time for suit contained in the Federal Tort Claims Act. It was, as Congress had specifically provided in 28 U.S.C. § 2401(b), "forever barred." There was no waiver of immunity for a claim so filed and consequently, no jurisdiction to entertain it. In "Problems Under The Federal Tort Claims Act", 9 F.R.D. 143, 153, Judge Yankwich points out

> " 'The liability and the remedy are created by the same statutes, and *the limitations of the remedy are therefore to be treated as limitations of the right.*'

"And there is no jurisdiction to entertain the action after the expiration of the period within which it might have been brought. This, because we are dealing *with a statute of creation* and not *with a statute of limitation.* * * * "

■ In United States v. W. H. Pollard Company, Inc., D.C.N.D.Cal., 125 F. Supp. 495, 497, it is likewise pointed out that

"Whether the limitation prescribed in the Tort Claims Act be viewed as a condition of the right to sue or as a limitation on the remedy, Congress' waiver of sovereign immunity relating to affirmative relief for tort claims is limited by the terms of that statute. When such relief is sought more than two years after the accident it is sought too late. Anderegg v. U. S., 4 Cir., 1948, 171 F.2d 127; De Bonis v. U. S., D.C.W.D.Pa.1952, 103 F.Supp. 123. It should be noted that a limitation imposed in a statute such as this which creates a right, is normally treated as a limitation on the right. Anderegg v. U. S., supra. The expiration of the time destroys the right. See Judge Yankwich's collection of the cases involving similar Federal statutes in Adams v. Albany, D.C.S.D.Cal.1948, 80 F.Supp. 876, 880.

"Congress has not consented to this counterclaim.

" 'Consent alone gives jurisdiction to adjudge against a sovereign. Absent that consent, the attempted exercise of judicial power is void.' U. S. v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 514, 60 S.Ct. 653, 657, 84 L.Ed. 894. See Nassau Smelting & Refining Works v. U. S., 1924, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190."

I am in accord with United States v. W. H. Pollard Company, Inc., supra, and with United States v. Webb Trucking Co., Inc., D.C.Del., 141 F.Supp. 573, in which Judge Rodney reached the same conclusion and dismissed the counterclaim.[4]

The counterclaim must therefore be dismissed. Order will be entered accordingly.

---

3. Likewise, counterclaims were allowed under other statutes in United States v. Waylyn Corporation, D.C.Puerto Rico, 130 F.Supp. 783; United States v. Silver-

ton, 1 Cir., 200 F.2d 824; United States v. King, D.C.Alaska, 119 F.Supp. 398.

4. In United States v. Capital Transit Co., D.C.D.C., 108 F.Supp. 348, a contrary view was taken.