**UNITED STATES of America, Plaintiff,**

v.

**John W. VAN METER and Frank Gist, Defendants.**

**Civ. No. 7254.**

United States District Court
N. D. California, N. D.

March 7, 1957.

Lloyd H. Burke, U. S. Atty., Sacramento, Cal., for plaintiff.

Hill & Hill and Clayton O. Rost, Eureka, Cal., for defendant John W. Van Meter.

HALBERT, District Judge.

In this action plaintiff seeks to recover for the damages to its property resulting from an alleged trespass and the wrongful taking of timber by the defendants. Defendant, Van Meter (hereinafter in this opinion referred to as "defendant"), has filed a counterclaim against plaintiff alleging that the timber was taken in reliance on wilful and negligent misrepresentations by an agent and servant of plaintiff.

Two motions are presently before the Court in this case. Plaintiff has filed a motion to dismiss the counterclaim, and defendant has filed a motion to amend his counterclaim by adding an allegation that the claim has previously been presented to the General Accounting office and the Controller General of the United States and has been denied.

The motion to dismiss presents the question of whether a defendant in

an action instituted by the United States may assert a cause of action against the United States by way of counterclaim, when the sovereign immunity of the United States would bar such an action if it were commenced in an independent proceeding. As a general rule, it has been held that the Government's immunity from certain types of claims applies whether the claim is asserted by way of an independent action or by way of a counterclaim. Nassau Smelting & Refining Works v. United States, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Merchants Transfer & Storage Co., 9 Cir., 144 F.2d 324; United States v. Silverton, 1 Cir., 200 F.2d 824; United States v. Patterson, 5 Cir., 206 F.2d 345; Waylyn Corporation v. United States, 1 Cir., 231 F.2d 544; and Mitchell v. Floyd Pappin & Son, D.C., 122 F.Supp. 755. The rule has been paraphrased to mean that no consent to be sued on a counterclaim, based on a cause of action from which it is otherwise immune, can be implied from the Government's act of instituting a suit against the hypothetical counterclaimant. See, e.g., Waylyn Corporation v. United States, supra, 231 F.2d at page 547.

 It is well settled that the United States has retained its cloak of immunity from actions based on the wilful or negligent misrepresentations of its agents or servants. 28 U.S.C.A. § 2680(h); Clark v. United States, 9 Cir., 218 F.2d 446; Jones v. United States, 2 Cir., 207 F.2d 563. The counterclaim in this action falls within this prohibited class.

Defendant contends that even though the United States has never consented to be sued on the particular cause of action, which he alleges in his counterclaim, the counterclaim may stand where it is used for the purpose of defeating or diminishing the Government's recovery, and not for the purpose of obtaining affirmative relief against the Government. Though there is language in United States v. Shaw, supra, which indicates that immunity may be waived to the extent that the counterclaim is used only as a "set-off,"[1] the Court in that case later points out that even if the defendant were successful on his counterclaim, "The judgment should be limited to a dismissal of the government's claim". 309 U.S. at page 504, 60 S.Ct. at page 663. As a practical matter, it is difficult to conceive of any advantage which defendant in the case at bar might gain by asserting his defense in the form of a counterclaim rather than as an affirmative defense. Without expressing any opinion on the matter, it might well be that defendant's defense based on consent is broader than the claim he asserts by way of a set-off.[2] For this reason, and because of the serious implications which flow from permitting an action expressly prohibited by the Federal Tort Claims Act to stand under any circumstances, the Court feels constrained to dismiss the counterclaim.

 The amendment which defendant seeks to make to the counterclaim would not make his counterclaim any less defective than it is in its present form. Hence, defendant's motion to amend must be denied.

1. It is stated, 309 U.S. at page 502, 60 S.Ct. at page 662:

"It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by the Congress. We, of course, intimate no opinion as to the desirability of further changes. That is immaterial. Against the background of complete immunity we find no Congressional action modifying the immunity rule in favor of cross-actions beyond the amount necessary as a set-off."

The applicability of this dictum to the case at bar is, in the opinion of the Court, rendered doubtful by the express wording of Rule 13(d), F.R.Civ.P. 28 U.S.C.A. and its interrelationship with the Tort Claims Act, Title 28 U.S.C.A., in particular, § 2680(h).

2. This same problem was faced by Judge Murphy of this District in United States v. W. H. Pollard Co., D.C., 124 F.Supp. 495, and he resolved it by dismissing the counterclaim.

It is, therefore, ordered that plaintiff's motion to dismiss defendant's counterclaim be, and the same is, hereby granted;

And it is further ordered that defendant's motion to amend said counterclaim be, and it is, hereby denied.

