**UNITED STATES of America, Plaintiff,**

v.

**COMMERCIAL BANK OF NORTH AMERICA, Defendant.**

United States District Court
S. D. New York.
Sept. 4, 1962.

Robert M. Morgenthau, New York City, for plaintiff; Anthony J. D'Auria, New York City, of counsel.

Cole, Friedman & Deitz, New York City, for defendant; James G. Starkey, New York City, of counsel.

CROAKE, District Judge.

Defendant moves under Rule 21 of the Federal Rules of Civil Procedure, 28 U.S. C.A., to add Ameco Electronic Corporation and one David Needleman as parties defendant.

In this action the United States sues the Commercial Bank of North America to recover funds deposited in the defendant bank by the plaintiff pursuant to an agreement of deposit known as a Special Account Contract. The funds were deposited in this account for the purpose of making progress payments to Ameco for work done under a contract of manufacture between Ameco and the United States. Ameco also signed the Special Account Contract as a party thereto. The plaintiff claims that by the terms of the Special Account Contract the defendant bank must, upon the plaintiff's request, turn over the funds in said account to the plaintiff. Plaintiff has made demand for the funds; however, defendant has refused to turn over the fund. The defendant states that two other parties, namely, Ameco and David Needleman, claim to have interests in said funds. Ameco has notified the defendant by letter dated June 8, 1961 that the funds in the account were paid to it for completed inventory and as such belong to Ameco. Also, David Needleman, a judgment-creditor of Ameco, has served defendant with a third-party subpoena in New York supplementary proceedings directed toward the Special Account, and has informed defendant that its judgment lien has successfully reached the assets in the Special Account

to the extent of its judgment against Ameco, viz., $495.00.

Defendant bank contends that it "is merely a stakeholder beset by the conflicting claimants to the funds," and that it will be exposed to duplicate recoveries and repeated litigation unless all claimants to the funds are joined in this action. Defendant acknowledges that it is precluded from invoking interpleader under Rule 22 since the Government has not waived its sovereign immunity from suit to permit interpleader.

Defendant therefore seeks to have Ameco and Needleman added as parties defendant under Rule 21.

Rule 21 entitled "Misjoinder and Non-Joinder of Parties" provides:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * * "

■ ■ Rule 21 cannot be read alone but must be read in the light of Rules 18, 19 and 20 since, as Professor Moore states "Rule 21 governs the situation when one or more of the above rules [referring to Rules 18, 19 and 20] has been violated." 3 Moore's Federal Practice, 2902, 2904 (2d ed. 1948). Rule 21 was to minimize the harsh results which resulted from non-joinder and misjoinder under the common law.

We agree with defendant that the purpose of Rule 21 is stated by Judge Kaufman in Truncale v. Universal Pictures Co., 82 F.Supp. 576, 578 (S.D.N.Y. 1949); wherein he stated:

"In so far as this rule relates to the addition of parties, it is intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable * * *."

In United States v. Carolina Warehouse Co., 4 F.R.D. 291, 292, 293 (W.D. S.C.1945), the court said:

"It is alleged that the *plaintiff is in doubt as to which of the defendants is liable* to it and, therefore, joins both of them as defendants in order that the question of liability may be determined by the court. * * * Rule 20 of the Federal Rules of Civil Procedure undoubtedly contemplates that in such a situation as is here presented the entire controversy should be submitted to the court at one time for determination." (Emphasis added.)

■ In the instant case it is the defendant who wishes to avail itself of Rule 21. The Rule is, of course, available to defendants as well as plaintiffs, if the defendant demonstrates grounds sufficient to show it is entitled to join co-defendants.

Defendant has failed to allege and show that the proposed parties, Ameco and Needleman, are indispensable or necessary parties defendant under Rule 19, or that the conditions required for permissive joinder of proper parties under Rule 20 exist.

■ Defendant does not contend that it is jointly liable with Ameco or Needleman to plaintiff, and thus it cannot be said that these parties are indispensable. Instead, defendant readily admits that the proposed co-defendants have an interest in and may later assert claims adverse to the Government as to the funds held on deposit.

Thus, defendant states what is classically known as an interpleader situation, wherein it has funds which are subject to conflicting claims by other parties. Defendant would like to join the proposed parties in order that claims as between the United States and Ameco will be litigated, thereby also settling any claims which Needleman may have as a judgment creditor and lien holder of Ameco.

Viewed in this light, I believe the decision in United States v. Drydock Savings Institution, 149 F.2d 917 (2d Cir.1945) controls the disposition of the present case. There the Government sued defendant Bank to recover funds in the savings account of a deceased veteran. The defendant Bank counterclaimed by applying for interpleader, alleging that the Public Administrator of New York County had also demanded payment of the savings account.

■ In denying the defendant's application for interpleader, the court stated:

"It is elementary that the United States cannot be sued without express legislative authorization. Nassau Smelting [& Refining] Works v. United States, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190; United States v. Shaw, 309 U.S. 495, 500, 501, 60 S.Ct. 659, 84 L.Ed. 888," and,

in quoting from Illinois Central Railroad v. Public Utilities Commission, 245 U.S. 493, 504, 38 S.Ct. 170, 62 L.Ed. 425, that the principle of

"immunity recognizes no distinction between cross bills and original bills, or between ancillary suits and original suits, but extends to suits of every class."

Although the defendant does not directly apply for interpleader but rather seeks to add parties under Rule 21, the respective position of the parties after the proposed joinder will have the character of an interpleader, and the judgment rendered will produce the same substantive effect on the rights of the parties. Consequently, the addition of Ameco and Needleman as defendants would simply transform this action into a case wherein the defendant Bank is stakeholder and the Government, Ameco and Needleman are claimants to the same fund. Regardless of the name attached to defendant's motion, I think it is in all respects governed by the principles set forth in the United States v. Drydock Savings Institution, supra.

■ Further, in this case, there are compelling reasons why the United States should not be forced to litigate its dispute with Ameco.

Although defendant states in its memorandum in reply that it "only seeks to bind Ameco and Needleman by the outcome of this action, not make the Government a defendant," Ameco and Needleman, if joined, could not remain passive if the respective claims are to be determined. They would have to cross claim against the Government or at least assert claims to said funds which are adverse to the Government's claim.

The claims of Ameco, as well as its judgment-creditor (Needleman), would be necessarily conditioned upon Ameco's contract of manufacture with the Government which provided that any dispute between the parties relating to the contract should first be heard administratively before the Armed Forces Board of Contract Appeals.

Defendant does not dispute that this provision governs the contractual rights as between the Government and Ameco. Consequently, unless Ameco has first exhausted its administrative remedy, a judicial determination of claims arising from that instrument is not authorized in the present action between the Government and the defendant Bank.

■ Defendant's argument that the Government having come into court voluntarily cannot assert sovereign immunity against defendant's motion to add defendants is without merit. A sovereign by bringing suit for the collection of indebtedness does not impliedly waive its immunity or consent to ancillary interpleader, if another claimant also demands the debt from the defendant. See United States v. Drydock Savings Institution, supra, 149 F.2d at page 919.

Defendant's contention that it will be exposed to the risk of double liability

if the proposed defendants are not added is no impelling reason for overturning the established doctrine of sovereign immunity in a case of this type or forcing the Government to litigate a disputed contract which must first be administratively heard.

There are certain risks which defendant must assume as part of its business unless, of course, it makes proper provision for indemnity. See Petrogradsky Mejdunarodny Kammerchesky Bank v. National City Bank, 253 N.Y. 23, 170 N.E. 479 (1930), and Steingut v. National City Bank, 38 F.Supp. 451 (S.D. N.Y.1941).

It also may be that the Government has no claim to these funds until its dispute with Ameco has been determined. But this issue cannot be determined at this stage in the proceeding.

Accordingly, defendant's motion is in all respects denied.

So ordered.