LOCALS 1242 AND 1332, INTERNA-
TIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO

v.

PORTSIDE REFRIGERATED
TERMINALS, INC., et al.

Civ. A. No. 83–4793.

United States District Court,
E.D. Pennsylvania.

Nov. 19, 1984.

Martin J. Vigderman, Philadelphia, Pa.,
for plaintiffs.

Robert A. Swift, Philadelphia, Pa., for
defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District
Judge.

This matter is before the Court on plaintiffs' motion for an order to enter final judgment as to less than all parties. This action was brought against Portside Refrigerated Terminals, Inc. (Portside) and its corporate officers, Robert Blank, Jeffery L. Blank and Emanuel S. Kardon (individual defendants) to recover damages resulting from, *inter alia,* an alleged breach of a collective bargaining agreement.

On March 28, 1984 I issued an order denying defendant corporation's various motions to dismiss but granting individual defendants motion to dismiss for lack of subject matter jurisdiction. Portside filed an appeal to this order and the plaintiffs, pursuant to state law,[1] moved in state court to transfer the action.[2]

Individual defendants filed preliminary objections in state court to plaintiffs' action arguing that since Portside had appealed the March 28th order, final judgment on this matter had not been rendered by a federal court. The state court granted individual defendants' motion and dismissed the plaintiffs' complaint without prejudice

---

1. 42 Pa.C.S.A. § 5103(b) reads in part, "... such transfer may be effected by filing a certified transcript of the final judgment of the United States Court..."

2. The suit in state court names only the individual defendants and not Portside.

**18**

until an express determination is made that the Order is final as required by Fed.R. Civ.P. 54(b). Plaintiffs petition this court to enter final judgment as required by Rule 54(b) in order to enable them to go forward with their suit against the individual defendants.

DISCUSSION

The court is somewhat puzzled by plaintiffs' request since the order dismissing their complaint against individual defendants was clear and unambiguous.

 It is a well established principle that federal courts are courts of limited jurisdiction. Jurisdiction over the subject matter is a prerequisite for continuance of any action in federal district court. *Trent Realty Associates v. First Federal Sav. and Loan Assn. of Philadelphia*, 657 F.2d 29 (3d Cir.1981).

> Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause.

*Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

This court was without power to hear plaintiffs' claims against the individual defendants. Nothing has occurred since March 28, 1984 which would vest jurisdiction over the subject matter in this court. Plaintiff did not appeal from the adverse ruling against it and the issues currently before the Court of Appeals do not address the jurisdictional questions affected by the March 20th Order.

 This court's order dismissing the complaint for lack of subject matter jurisdiction was a final determination of the issue. A dismissal for lack of subject matter jurisdiction has been construed to be within the ambit of "final judgment or order" as stated in Federal Rules of Civil Procedure.[3] *Beverly Hills Fed. Savs. & Loan Assn. v. Webb*, 406 F.2d 1275 (9th Cir.1969); *Oyster Shell Products Corp. v. U.S.*, 197 F.2d 1022 (5th Cir.1952), *cert. denied*, 344 U.S. 885, 73 S.Ct. 184, 97 L.Ed.

685. *See also*, Wright and Miller, Federal Rules of Civil Procedure, Rule 54 § 2656. Once a court determines it is devoid of power to hear a claim, nothing that the parties do will confer the requisite authority needed to decide that case or controversy. Both the plaintiffs and the individual defendants' rights and liabilities were finally decided in this court by the decision to dismiss the complaint. No subsequent action on our part is necessary to make the March 28th order dismissing the complaint final. If the state court refuses to transfer the action because of an interpretation of state law and procedure, plaintiffs' complaint lies with that court and not here.

ORDER

AND NOW, this 19th day of November, 1984, for the reasons set forth in the foregoing Memorandum, it is ORDERED that plaintiffs' motion for entry of final judgment as to less than all parties is DENIED as moot.